Western District.
October, 1830.

STEWART
vs.
CARLIN & AL.

*STEWART vs. CARLIN & AL.*

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

When interrogatories are propounded to the plaintiff to be answered *in open Court*, and no day moved for and fixed by the Court on which to answer ; the plaintiff's neglect to answer will not authorise the interrogatories to be taken for confessed.

When the defendant annexes interrogatories to his answer and prays " that the plaintiff may be ruled to answer them *in open Court*," he must according to the provision of the 351st Article of the Code of Practice, move the Court to appoint a day for the plaintiff to appear and answer ; and not having done so, he will be considered as having waived his right and dispensed the plaintiff from the obligation of answering.

Dennis Carlin executed his note to Dr. Stewart on the 13th of May 1829, for $227—payable on demand with ten per cent interest until paid.

The note was given for medical services. The defendant alledges that there was an understanding between him and the plaintiff that payment was not to be demanded until the ensuing year : and that notes and accounts on other persons were to be taken in payment. That the medical charges were exorbitant and the note only given to settle and liquidate the account. The defendants put interrogatories calling on the plaintiff to *say on oath in open Court,* if the foregoing statement is not true, and that this agreement took place. The interrogatories were not noticed or ordered by the Court to be answered. The plaintiff had judgment for the amount of the note and interest. Carlin appealed.

*Dunbar and Wilson* argued for the plaintiff.

*Briggs and Winn* for defendant.

*Martin J.* delivered the opinion of the Court.

This is an action on a promissory note. The defendant pleads the general issue ; and that the plaintiff agreed to suspend his right of sueing for a period not yet expired.

There was also a plea of reconvention. His counsel in

this Court urged that interrogatories were put to the plaintiff in the answer, to which the necessary affidavit was annexed. That the plaintiff did not object to answer any of these interrogatories—that therefore they ought to have been taken as confessed ; had they been, the verdict must have been for the defendant. Code of Prac. Art. 350.

It may be true that when the defendant does not seek to avail himself of that part of the Code of Practice, (art. 350) which authorises him to require, that interrogatories be *answered in open Court and in his presence*: and the plaintiff files his objections, the interrogatories must be answered without the intervention of any order of Court. But when the party avails himself of the 351st Article, the answer must be given *on* the day appointed to that effect by the Judge.

In the present case the defendant in his answer prayed that the plaintiff might be ruled to answer upon oath, *and in open Court.* He had no right to do so, except under the 351st Article of the Code of Practice ; and that imposes on the plaintiff the obligation to appear in open Court, and answer on the *day appointed to that effect* by the Court. The defendant was therefore bound to move the Court to appoint a day. His neglecting to do so, dispensed the plaintiff from the obligation of appearing ; and by proceeding to trial without procuring the appointment of a day, the defendant waived his right to the plaintiff's answer to the interrogations.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

*When interrogatories are propounded to the plaintiff to be answered in open Court, and no day moved for and fixed by the Court on which to answer; the plaintiff's neglect to answer will not authorise the interrogatories to be taken for confessed. When the defendant annexes interrogatories to his answer and prays "that the plaintiff may be ruled to answer them in open Court," he must according to the provision of the 351st Article of the Code of Practice, move the Court to appoint a day for the plaintiff to appear and answer; and not having done so, he will be considered as having waived his right and dispensed the plaintiff from the obligation of answering.*