## CARLIN vs. STEWART & AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Actions for slander and defamation may be sustained under our Civil Code, without resorting to the Civil Laws of other countries, which are said to be repealed by our Statute of 1828.

In actions of slander and defamation of character, the jury or Court must

K

often allow damages, when no special damage is shown to have been sustained.

Professional men are often unable to exhibit positive proof of the injury done to their reputations by malicious persons and slanderers, and would be in many cases absolutely remediless, if a jury or a Court are not allowed to find a guide in the dictates of their consciences.

On the score of the quantum of damages the jury are the legitimate judges, and unless they clearly err, the verdict ought to stand.

Carlin instituted suit to recover damages of Stewart for calling him "*a perjured villian*" and laid the damages at $5000.

Dr. Stewart had given medical attendance to a negro woman, a nurse, belonging to the estate of Curtis', but who lived in Carlin's family at the time. His bill amounted to $56. He called on Carlin, whom he believed was cognizable to all the facts, and would prove his account to the administrator of Curtis's estate. The witness said the bill was exorbitant. That Dr. Stewart had only visited the negro once when first called in, and gave two way visits. When Carlin had thus testified, the Doctor became enraged, and declared publicly that Carlin had swore to a lie! "that he was a perjured villian!"

The defendant plead not guilty—and was permitted to call witnesses to show that his bill for medical services was reasonable and just—consequently he had good reason for believing as true what he charged upon Carlin.

The testimony shows that Doctor Stewart uttered the slanderous words in great haste and in the heat of passion. It also appears in proof that the plaintiff sustained no real injury by the slander. That those who knew him did not believe the charge to be true. It excited some little feeling in his favor, and was rather an advantage than an injury to him. It was likewise in proof that Stewart had attended faithfully to the negro he was called in to see. That she had a very severe attack, and it was the opinion of one or two witnesses who saw her, that it must have required great skill and attention to save her life.

The jury however found a verdict of 1000 dollars for the plaintiff. It appeared from the record that the verdict was given in by the Jury on the 3d of May—judgment rendered on the verdict and *entered upon the minutes*, the 7th of May and signed by the Judge the same day. A motion for a new trial was made on the 10th and 11th of May—which was over-ruled as not being made in time. The defendant appealed.

*Briggs and Winn* for the plaintiff; contended that the action for slander, and the finding exemplary damages should be maintained and was properly brought. 5 Black. Com. 334. Code of Practice Art. 554 was cited to show the motion for a new trial was not in time.

*Dunbar* for defendant. This action can only be sustained on the article 24 of the La. Code ; as no special damage was proved none can be recovered. Pandects Françoises 10 Vol. 82 391. 11 Toullier 154. 4 Martin Rep. Juris. 25.— Clef de Loi Rom. 63 112 132.

The motion for a new trial was in time. Three whole days between the rendition of Judgment and signing must be allowed to move a new trial. It may be moved for and granted at any time before signing judgment even after the three days between rendering it on the minutes, and signing it may have elapsed. 5 Mar, N. S. 319.

*Martin J.* delivered the opinion of the Court.

This is an action of slander for calling the plaintiff " *a purjured villian.*" The plaintiff had a verdict and judgment for 1000 dollars. The defendant made an unsuccessful effort to obtain a new trial—and appealed from the decision of the District Court refusing it.

The appellees counsel has contended the motion came too late, and if it had been in time, ought to have been rejected.

We have examined the case in the point of view most favorable to the appellant,—as if the motion for a new trial had been in time.

Western District.
October, 1830.

CARLIN
vs.
STEWART & AL.

The appellants' counsel has urged that since the repeal of our former civil law, we are without any remedy in cases of defamation ; at least in cases where special damage is not proved.

The appellee's counsel has referred us to the case of Stackpole, vs. Henen. 5 Mar. N. S. 481, in which the action of slander seems to be recognized by this Court, and an act of the legislature passed at the following session of the legislature, bottomed on our decision. He has also cited the 21st, and the 2295th articles of the LouisianaCode.

It is useless in the present case to enquire whether the repeal of the civil laws by a late act of the legislature, extends to any other but statutory laws. The parts of the Code relied on, would simply of themselves, authorise our Courts to sustain actions of slander.

In such actions the jury or Court, must, in many cases allow damages when no special damage is shewn.

If a professional man is maliciously, and without cause, charged with being absolutely ignorant of the first principles of the science he professes, he cannot administer positive or direct evidence of the injury he may have sustained. He must be in many cases without any adequate remedy at all—if the jury or a Court may not find a guide in the dictates of their own consciences.

On the score of the quantum of damages, the jury were the legitimate judges, and we are unable to say they erred.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.

Actions for slander and defamation may be sustained under our Civil Code, without resorting to the civil laws of other countries, which are said to be repealed by our statute of 1828.

In actions of slander and defamation of character, the jury or Court must often allow damages, when no special damage is shewn to have been sustained.

Professional men are often unable to exhibit positive proof of the injury done to their reputations by malicious persons and slanderers, and would be in many cases remediless, if a jury or a Court are not allowed to find a guide in the dictates of their consciences.

On the score of the quantum of damages, the jury are the legitimate judges, and unless they clearly err, the verdict ought to stand.