Kernan v. Chamberlin.

PETER JAMES KERNAN *v.* THOMAS G. CHAMBERLIN.

In an action for slander, malice need not be expressly proved ; it may be implied.

Though a defendant may have acted without malice, yet, if his conduct has been marked by great imprudence, and a want of due regard for the rights and feelings of the plaintiff, he will be responsible to the latter, for whatever damage his conduct has caused. C. C. arts. 1928 No. 3, 2294, 2295.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Deslix* and *Schmidt,* for the plaintiff.

*C. M. Jones* and *A. Hennen,* for the appellant.

MORPHY, J. This is an action in damages for slander, false imprisonment, and assault and battery. The petition charges, in substance, that the plaintiff having entered the store of defendant, with a view to buy some German silver spoons, and having made for a lot of said article an offer, which the defendant seemed unwilling to take, he left the store, when Chamberlin followed him into the street, and there publicly charged him, before a great many persons, with being a *thief* and a *robber,* and asserted loudly and repeatedly, that the plaintiff had entered his store with the felonious intent of stealing his spoons, and had actually stolen half a dozen of them ; that after making these false, calumnious, and malicious charges, Chamberlin struck and beat the plaintiff, and caused him to be arrested, dragged through the streets by the city guard, and incarcerated in the public jail, reserved for vagrants and malefactors ; that afterwards, to wit, on the 21st of April, 1840, the defendant did falsely, maliciously, and without the least foundation, make before the Recorder of the First Municipality, an affidavit, charging the plaintiff with larceny, and assault and battery. The petition concludes with a prayer for damages, to the amount of $10,000, for money expended in procuring his acquittal before the Recorder, for his actual sufferings in jail, and for the injury sustained in his character and good name, &c. The defendant pleaded the general issue, averring, at the same time, that he was justified in saying, or doing any thing he may have said or done on the occasion alluded to in the plaintiff's petition. He further claimed damages in reconvention, to the amount of

$10,000, on the averment that the plaietiff had entered his store, and, without cause, violently assaulted and beaten him. The case was tried before a jury. The plaintiff having had a verdict and judgment in his favor for $1000, the defendant appealed, after an ineffectual attempt to obtain a new trial.

We have attentively perused the whole evidence, which is voluminous. We find it somewhat contradictory, in relation to the assault and battery which the parties charge upon each other. It does not clearly appear who gave the first blow; but the testimony is strong and conclusive as to the calumnious, and entirely unfounded charges, made by the defendant against the plaintiff, who was honorably discharged from the accusation. The evidence shows, that a day or two before his arrest, the plaintiff had retained a passage for Europe, and paid the passage money, which he lost by being detained here; and that, in consequence of the prosecution instituted against him, he was put to much trouble, inconvenience, and expense. Malice need not be expressly proved, it may be implied; but were it even admitted, that the defendant in this case acted without malice, as his counsel urges, he cannot free himself from the imputation of great imprudence, indiscretion, and a want of due regard for the rights and feelings of the plaintiff; and he is bound to repair whatever damage his conduct may have caused to the latter. Civil Code, arts. 2294, 2295, 1928, No. 3. 6 Mart. N. S. 538. 2 La. 73. 3 La. 207. 16 La. 403.

On the score of the quantum of damages, the jury were the legitimate judges; and, under the circumstances of this case, as disclosed by the evidence, we are unable to say that they erred.

*Judgment affirmed.*