## WEATHERSBY *v.* HUDDLESTON et ux.

Where a party is required to answer interrogatories in open court, a day must be appointed for that purpose, and he must be notified thereof unless present at the trial or when the order was made, or, in case of failure to answer, he cannot be considered in default, nor can the interrogatories be taken for confessed. C. P. 351.

WEATHERSBY
v.
HUDDLESTON.

A clerical error.in the name of a plaintiff, in whose favor judgment was rendered in an inferior court, may.be corrected on appeal.

APPEAL from the District Court of Rapides, *Cushman*, J. *Leckie* and *Elgee*, for the plaintiff. *O. N. Ogden*, for the appellants. The judgment of the court was pronounced by

KING, J. The defendants, who are husband and wife, are sued as the joint and several makers of a promissory note. The plaintiff annexed to 'his petition interrogatories, addressed to the wife, the object of which was to elicit from 'her an acknowledgment of her signature, and that the consideration of the note was a separate debt due by herself. The prayer was that the interrogatories should be answered in open court, and, on motion of plaintiff's counsel, a day was appointed by the court for that purpose; but of the time fixed she received no notice. The interrogatories not having been answered on the day named were taken as confessed. A judgment was rendered against both of the defendants *in solido*, from which they have appealed.

When a party is required to answer interrogatories in open court, unless he be present at the trial or when the order is made, a day must be appointed for him to appear, and of that day 'he must be notified, before he can be considered in default, and the facts unanswered be deemed confessed. A different rule would expose parties to surprise, more particularly in cases when no appearance 'has been made, as occurred in the present instance. C. P. art 351. 2 La. 73. 7 La. 335. 10 La. 416. *Spears* v. *Nugent*, *ante* p. 11.

No other testimony was offered in support of the claim against *P. Huddleston*, the wife. As to her, the judgment must be reversed; and on the authority of the case of *Fink, Executor*, v. *Martin*, 1 Ann. Rep. 117, we will not render a judgment of non-suit, but remand the cause for further proceedings. The demand against *Isaac Huddleston* is fully proved; but it is objected that the name in which the plaintiff sues is *George M. Weathersby*, and that the judgment is rendered in favor of *John M. Weathersby*. This is clearly a clerical error, which may be corrected in this court.

It is therefore ordered that the judment of the District Court, as far as re-relates to the defendant, *Polly Huddleston*, be reversed, and that the cause, as to her, be remanded for further proceedings according to law. It is further ordered that, as regards *Isaac Huddleston*, said judgment be amended by rendering the same in favor of *George M. Weathersby* instead of *John M. Weathersby*; and, in other respects, that said judgment be affirmed ; the plaintiff paying the costs of this appeal.