## DALY v. VAN BENTHUYSEN.

A court may assess damages without the intervention of a jury. Art. 313 of the Code of Practice relates to the assessment of damages under judgments by default.

In an action for damages against the publisher of a libel, proof of damage resulting from the publication is not necessary to entitle plaintiff to recover. *Per Curiam:* The actual pecuniary damage in actions of this kind can rarely be proved or computed, and is never the sole rule of assessment.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Larue* for the plaintiff, cited C. C. 1928, §3, 2294. Starkie on Slander, 140. *Durant*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action for damages for the publication of a libel against the plaintiff, in the defendant's newspaper called the Southerner, in the city of New Orleans. The damages were laid at $10,000. The defendant endeavored to establish, under his answer, the truth of the statements made in the publication, and that it was made with good motives and for justifiable ends; but the evidence established no defence to the plaintiff's action. The judge before whom the cause was tried gave the plaintiff judgment for $500, and the defendant has appealed.

DALY
v.
VAN BENTHUY-
SEN.

The appellant has assigned as error that the cause was tried by the court, and that the law required that in this and similar cases, where from the nature of the demand damages are to be assessed, that they should be assessed by a jury. Article 313 of the Code of Practice, relied on by the counsel, has always been held to relate to the assessment of damages under judgments by default. The power of courts to assess damages in all cases, we do not think can be drawn in question.

It is said that no proof of any damage resulting from the publication of the libel was offered by the plaintiff, and that, in the absence of *any* proof, there was no power in the court to assess damages, there being nothing before the judge to which his legal discretion could be applied. The libel in this case was of the grossest kind; its inevitable tendency was to defame and degrade the plaintiff as a citizen and a member of society; and the publication was entirely unjustified by any legal or moral duty on the part of the defendant, or in the fair and legitimate protection of his rights. The actual pecuniary damage in actions of this kind can rarely be proved or computed, and is never the sole rule of assessment.

*Tillotson* v. *Cheetham*, 3 Johnson, 63. Sedgwick on Damages, 36, 45. Domat, Sup. au Droit Public, lib. 3. Erskine's Inst. Law of Scotland, 576 and notes. Merlin's Rep. *verbo Injure. Stewart* v. *Carlin*, 2 La. 72. *Kernan* v. *Chamberlin*, 5 Rob. 116.

The sum allowed to the plaintiff is considered by his counsel as a sufficient vindication of his client's character from the attack made upon it, and he has not asked that the judgment be disturbed. The defendant has, we think, shown no ground on which the amount can be held to be excessive, for the injury he has done to the plaintiff.               *Judgment affirmed.*