No. 12,421.

STATE EX REL. CHRISTOPHER SINTES VS. N. H. RIGHTOR, JUDGE CIVIL DISTRICT COURT.

While it is true that the interrogatories propounded under the articles of the Code of Practice are designated as "Interrogatories on facts and articles," it does not follow necessarily from this that all the rules governing interrogatories propounded under Art. 351 should also apply and control those propounded under Arts. 246 et seq. It may be that the District Judge would have the " power " to order in some particular case that the garnishee's original answers be made orally in open court, and enforce his order by way of penalty, but this is something other than that a creditor should have an absolute right to require him to take such action and to force him to do so through a *mandamus* when he declines.

APPLICATION for Writ of *Mandamus*.

---

*Benjamin Ory* and *B. R. Forman, Jr.*, for Plaintiff, Relator:

Article 246, C. P., provides: '' The party thus made a party to the suit is termed a garnishee.''

Article 245, C. P., provides: ''A creditor may also annex to his petition interrogatories on facts and articles to be answered cate-gorically under oath by such garnishee.''

Article 351, C. P., provides: "The party propounding the interrogatories may require the party interrogated to answer in open court, and in his presence on the day appointed to that effect by the judge, if the party interrogated reside in the parish where the court holds its sittings."

It is plain that as the garnishee under Art. 246 of the C. of P. is a party to the suit, and as interrogatories on facts and articles, under Art. 247 of the C. of P., may be propounded to the garnishee, and as under Art. 351 of the C. of P., the party interrogated on upon interrogatories on facts and articles may be required to answer in open court that the garnishee *made a party* may be likewise required to answer in open court.

The case of Petway vs. Goodin, 12 R. 445, the court decides expressly " that a garnishee can b.: required to answer in open court, both in case of attachment and in case of garnishment upon *fi. fa.*

In the case of Peters vs. Gibson, 11 An. 97, the reason of the law is given, to-wit: That the party has a right to interrogate a garnishee as a witness in open court in the presence of the parties and the judge, the right to compel him to answer in his own language.

In the case of Derbes vs. Decuir, 5 R. 491, the court held: "That the answers of the garnishees were properly required to be in open court, if the plaintiff so desired it."

*Farrar, Jonas & Kruttschnitt* for Respondents.

Submitted on briefs February 6, 1897.
Opinion handed down February 17, 1897.
Rehearing refused April 12, 1897.

ON APPLICATION FOR WRIT OF MANDAMUS.

The opinion of the court was delivered by

NICHOLLS, C. J. Relator avers that he filed in the Civil District Court for the parish of Orleans, a petition against William J. Commerford, asking judgment for forty-eight hundred dollars; that he caused a writ of attachment to issue against him and made

one Brainard Rorison, residing in New Orleans, and the Barber Asphalt Paving Company, a corporation domiciled in said city, garnishees; that the petition and interrogatories, and the citations and notices of seizure were duly and personally served upon the garnishees, and they were ordered by the court to answer said interrogatories under oath and in open court, on Monday, January 4, 1897, and the answering in open court was regularly continued until Monday, January 25, 1897, when the said garnishees, through their respective counsel, objected to the right of the plaintiff to require said garnishees to appear in open court, and, thereupon, the Honorable N. H. Rightor (judge of the court) sustained the objection of said garnishees and rescinded the orders, requiring them to answer the interrogatories in open court, and denied the relator the right to have said interrogatories so answered; to which ruling relator reserved a bill of exception. He avers that it was the ministerial duty of the judge to require said answers to be made in open court, and it was relator's right, under Arts. 246, 247 and 351 of the Code of Practice, and the case of Petway vs. Goodin, 12 Rob. 445, and other decisions fixing the jurisprudence of the State, to have said interrogatories answered in open court in order that the truth might be ascertained, and that relator might make use of the answers so obtained in support of relator's demand against Commerford. He averred that neither of the garnishees came within any exception to the law giving relator the right to require said questions to be answered in open court; that it was important for relator, in advance of going to trial, to discover what property rights and credits were in the hands of the garnishees. He prayed that an alternative writ of *mandamus* issue to said judge, commanding him to order the said garnishees to answer said interrogatories propounded to them in open court at an early date to be by him fixed in the presence of relator or his counsel, and that after due proceedings said writ be made peremptory. He prayed for such other orders in the premises as this court would be able to grant and deem appropriate.

A rule to show cause having been served upon the District Judge, he answered. He submitted to the court that the matter did not fall within its supervisory jurisdiction; that relator was fully protected in all of his rights by a right of appeal to the Supreme Court, if, indeed, said order complained of was one subject to review, in any

form or manner, which he denied. He denied all of relator's allegations, except so far as he specially admitted them. He filed the record of the suit of Christopher Sintes vs. William J. Commerford, which was duly allotted to the division of the court presided over by himself. He declared that said record, including the bill of exceptions reserved by relator, fully and correctly set forth all the facts in reference to the matters and things complained of by relator, except as to such matters as were by him thereinafter alleged.

He declared that true it was that the time fixed for the answering of the interrogatories under oath in open court was originally fixed for Monday, January 4, 1897, and that the time to answer was regularly postponed until January 25, 1897, when the proceedings set forth in relator's bill of exceptions took place.

He averred that exercising his best judgment he decided the question whether or not the said answers should be made in open court in the negative, for the reason that, in his opinion, the laws of the State did not authorize an order requiring garnishee to answer in open court, but that the right to such answers in open court was preserved to relator upon a traverse of the written answers to interrogatories on file, if relator should desire to obtain such answers to interrogatories on facts and articles in open court. That his decision of the question was one rendered in the performance of his judicial duties, and was not the performance of a mere ministerial duty, and that the writ of *mandamus* did not lie to compel him to rescind the said order by him rendered. He prayed that the writ asked for be refused.

The bill of exceptions recites the different documents filed and orders given and proceedings had in Sintes vs. Commerford up to the calling of that case on January 25, 1897. It recites that upon that day the garnishees appeared in open court, through their attorneys, and objected to the right of the plaintiff and the court to require said garnishees to answer in open court upon the grounds:

1. That there was no law in any case warranting an order requiring such answers in open court; and

2. That even if there were such law it did not apply to those particular garnishees who were not residents. That thereupon the court, without hearing any evidence, sustained the garnishees in their first objection and rescinded the order of December 15 and 25, requiring said garnishees to answer said interrogatories in open court and denied plaintiff the right to have them so answered.

Relator relies upon the articles of the Code of Practice, cited in his petition upon Petway vs. Goodin, 12 R. 445; Derbes vs. Decuir, 5 R. 491, and Peters vs. Gibson, 11 An. 97.

An examination of the pleadings in the suit of Sintes vs. Commerford shows that the plaintiff filed a supplemental petition to which he annexed interrogatories, which he' desired answered by the parties therein named, but that in his prayer asking that the court order them to be answered he did not ask that they be ordered to be answered " in open court." For some reason not explained, the order signed by the judge required the interrogatories to be answered on the 4th of January, 1897, at 11 o'clock. Brainard Rorison on that day filed in court written answers. It does not appear that the Barber Asphalt Company answered at all.

Counsel for defendants press upon us that the suit is an appealable one, and that any erroneous ruling made in the course of the proceedings could be corrected on appeal; that we should not detach a special ruling from the main case and dispose of it by anticipation. The orders which issued in this case were based upon the theory that the right claimed by relator might on examination be found to be an absolute one which, if not granted now, might be entirely defeated by delay, either by the removal of the parties from the jurisdiction of the court or by death. Relator would have presented on this hypothesis a very strong case for exceptional action on our part. In State ex rel. Chism & Boyd vs. Judge, 34 An. 1178, where the judge referred a case before him to be tried by a jury, which under the law was triable by the court itself, we said: " A mandamus is often sought and obtained to set in motion a judicial officer who is unwilling to proceed with the decision of a cause instituted before his court, the plaintiff therein having an absolute right to a determination of his action in the form and manner prescribed by law. State ex rel. Leeds vs. Judge, 32 An. 542; State ex rel. Cobb & Gunby vs. Judges, 32 An. 774; La. Ice Co. vs. State National Bank, 32 An. 597; State ex rel. Merchants' Mutual Insurance Company vs. Judges, 33 An. 1070; State ex rel. Winter & Hunter vs. Judges, 33 An. 1096; State ex rel. Bloss vs. Judges, 33 An. 1351; High on Extraordinary Remedies, par. 250. A distinction is recognized between cases where it is sought by mandamus to control the decision of the inferior court on the merits of a cause, and cases where it has refused to go into the merits of a cause and cases where

it has refused to go into the merits of an action upon an erroneous construction of some question of law or practice preliminary to the whole case, High on Extraordinary Remedies, par. 151). * * * In the exercise of the powers conferred upon it by Art. 90 of the present Constitution, this court feels justified in interfering in the present case, in which, otherwise, the ruling made might prove a denial of justice. Its appealáble character is of no significance."

We have on a number of occasions referred to our power under Art. 90 of the Constitution to grant exceptional relief (see State *ex rel.* Murray vs. Judge, 36 An. 578; State *ex rel.* Whitney Iron Works vs. Judge, 44 An. 1091, 1092; State *ex rel.* Lehman vs. Judge, 46 An. 163; State *ex rel.* Saizan vs. Judge, 48 An. 1501.

As the ruling complained of was one made on an issue raised and contradictorily disposed of between the parties in interest, in a case appealable to us, we are to inquire whether the matter, as presented, be of a character such as to call for the supervisory control over the action of District Courts which we only exceptionally exercise in that class of cases.

In Derbes vs. Decuir, 5 R. 491, plaintiff was appellant from a judgment rejecting his claim against the defendant on an alleged assumption of the latter of one-half of a sum due to the plaintiff by defendant's father-in-law. The demand was for a sum of over five hundred dollars. Plaintiff claimed that evidence of the promise was to be found in the deposition of one Delahoussaye and resulted from his neglect to answer the interrogatory of the plaintiff in this respect. The precise relation which he (Delahoussaye) occupied in the litigation, the report of the case does not disclose. It would seem, however, that he had been cited into court to answer in open court one or more interrogatories, and that having failed to do so, they were taken for confessed. The Supreme Court held that this order taking the interrogatories for confessed was improvidently rendered. It said: " The neglect to answer would have been sufficient if the interrogatory had been required simply to be answered, but being required to be answered in open court it was the duty of plaintiff's counsel to call on the court to appoint a day for that purpose. This was not done (C. P. 351.) In Stewart vs. Carlin, 2 La. 73, we held that " if a party be ruled to answer interrogatories in open court and his opponent does not move for and fix a certain day on which to answer, they will not be taken for confessed if the party interrogated fail to answer.

In Petway vs. Goodin, 12 Rob. 445, plaintiff, who had obtained a judgment against defendant, caused a *fi. fa.* and garnishment process to issue against two defendants.  The application to the court was "that each of the garnishees separately and each for himself be cited to appear and answer separately and each for himself annexed interrogatories in open court under oath in ten days from the service thereof."  The order of the court was that they "answer the interrogatories as prayed for and according to law."  One of the garnishees filed written answers, the others failed to do so.  Judgment by default was taken against them, which was subsequently made final, they being condemned to pay each the amount of the judgment, on the only ground that having been cited to answer the interrogatories and having failed to do so they should be taken for confessed.  On appeal the court said there was one objection sufficient to cause the judgment to be annulled, an objection that destroyed its very foundation—in fact the only ground upon which it rested.  It announced as this fatal objection that no day had been appointed by the court on which the interrogatories were to be answered and declared that this was essentially necessary to have been done.  That though the garnishees were found to be in court when the court should fix a day prepared to comply with the prayer of plaintiff's petition, they were not concluded until a day had been fixed, and they had failed to answer.  The court was of opinion that although the garnishees were not parties to the original suit, they were properly parties to the controversy that arose between them and the defendant's creditors with respect to the object of the proceeding; that they were parties to the litigation, adversaries of the seizing or attaching creditors and that Art. 351 of the Code of Practice, making no distinction, said:  "The parties propounding interrogatories may require the party interrogated to answer in open court," etc.; that there was nothing in Arts. 247 and 263 which dispensed them from answering in open court; that the article did not indicate in what manner the answers should be taken or received, and that the garnishees would have been bound to have answered in open court if a day had been appointed by the judge for that purpose.  We have found no other decision of this court bearing upon the question presented for the reason doubtless that it is exceedingly unusual that the answers of a garnishee as originally made should be sought to be forced to

be made in open court.  The practice has almost invariably been for garnishees to answer under oath before a notary public the interrogatories propounded to them, to have those answers written out and signed and then filed in the case in which they were asked.  Garnishees are generally regarded, until they shall have filed their answers and until a traverse to the same having been made, an issue has been raised between the plaintiff and themselves, in the light of stakeholders rather than " parties " or " contesting " parties.

One of the garnishees (Rorison) has filed written answers to the interrogatories propounded, the other, a corporation (the Barber Asphalt Co.), has taken no action whatever so far as the record discloses.

Article 246 of the Code of Practice authorizes a creditor who suspects that a third person has in his possession property belonging to his debtor, or that he is indebted to such debtor, to make such third person a party to the suit by having him " cited to declare on oath " what property belonging to the defendant he has in his possession, or in what sum he is indebted.  The article does not point out the precise manner in which this " declaration under oath " shall be made.

The next article (Art. 247) authorizes the creditor to likewise annex to his petition interrogatories on facts and articles to be answered categorically under oath by the garnishees, but is still silent as to how or in what mode the interrogatories are to be answered.

Article 248 provides for the special case where the creditor has reason to believe that the person to whom he has caused interrogatories to be propounded is " about to depart from the State without having " FILED HIS ANSWERS to such interrogatories.  In such a case the creditor may have the party interrogated arrested.

·This article shows that it was in contemplation of the lawmaker that the answers should be " filed" in court, not that they should be taken down by the clerk in open court.  The person so arrested is declared by Art. 249 to be entitled to be discharged if he immediately, in presence of the court, answer in writing and pertinently the answers propounded to him, and file such answers in the office of the clerk of the court.

It will be seen from this that even where there may be reason to apprehend that the party interrogated is about to leave

the jurisdiction of the court, the answers may be written and filed.

Article 262 declares that the garnishee who has been cited in a suit must "put in his answer" within the usual delay, declaring "in the same" what property he has belonging to the defendant * * * and if interrogated on facts and articles he must answer under oath clearly and categorically each question put to him touching such matter."

The article does not direct that the answers thus ordered to be "clearly and categorically" made should be made orally in open court.

The articles of the Code which we have cited are found under the special heading of attachment and garnishment. No reference is made to the later Art. 351, nor does this latter article refer back to them. It is true that the interrogatories propounded under all of the articles are designated as "interrogatories on facts and articles," but it does not follow necessarily from this that all the rules governing interrogatories propounded under Art. 351 should also apply and control those propounded under Arts. 246 et seq. It may be that the District Judge would have the "power" to order in some particular case that the garnishee's original answers be made orally in open court, and to enforce his order by way of penalty, but this is something other than that a creditor should have an absolute right to require him to take such action, and to force him to do so through a mandamus when he declines.

The case at bar is one where the judge having inadvertently given an order when not asked, and having rescinded the same when called to his attention, is sought to be compelled to adhere to his original order.

The case is not one which calls for the relief asked.

For the reasons herein assigned, it is hereby ordered, adjudged and decreed that the order hereinbefore granted be set aside, and relator's application be and the same is hereby rejected.