*Western Dis. October, 1832.*

COCO
*vs.*
LACOUR ET AL.

---

## COCO *vs.* LACOUR ET AL

4L 507
51 1333

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

It is too late to propound interrogatories to be answered by the adverse party, when the cause is about being called for trial. The law requires they should be annexed to the petition or answer, or they may be filed afterwards by leave of court on a proper case shown; but cannot be presented at the moment of trial, without good reason appearing why they were not offered sooner, supported by affidavit.

If the maker of a note gives the holder a new note, with another surety, and takes up the old one, he cannot, when called on for payment, enter into the original consideration, because he has, by his act, induced the holder to surrender the right which he had against the endorser, who was responsible on the original instrument. The surrender of that security is a good consideration for the new obligation.

This suit is brought on a promissory note, executed by Doralise Lacour, late widow of J. P. Lemoine, deceased, as principal, and Martin Rabelais as security, for one thousand eight hundred and ninety-seven dollars and seventy-one cents, with interest, payable to the plaintiff, and dated 27th March, 1830. The husband of Madame Lacour states, at the bottom of the note, that he authorizes her to sign it.

The defendants aver they executed the note in error. That the former husband of Madame Lacour, Jean P. Lemoine, was an heir of Pierre Lemoine, deceased, and after the death of J. P. Lemoine and his father, the heirs of the latter had a settlement, and a large balance was represented as being due to the other heirs by her late husband; and that supposing the settlement then correct, she gave her note to Artemise Lemoine, wife of Celestin Gauthier, and payable to the latter, as husband of this heir. The latter assigned it to the plaintiff. That Coco, the plaintiff stated, her late husband's estate was indebted to him about four hundred dollars, and induced her to give a new note for this balance; and including the amount of the note assigned to him by Gauthier, with Rubalais as security. The note sued on, was thus executed, and the old one given up.

The defendants now aver, that there was error in the settlement of Pierre Lamoine's estate, and that nothing was due from Jean P. Lamoine, to any of the heirs, nor to his sister, Artemise Lemoine; and that this part of the obligation is without consideration and void; and that the estate of P. Lamoine is now under partition in the Probate Court. They also aver that J. P. Lemoine was not indebted to plaintiff as the latter stated, and that the whole consideration is void, &c.

There was judgement for the plaintiff; the defendants appealed.

The defendants offered evidence on the trial, and propounded interrogatories to be answered by witnesses, all tending to show the original error under under which this obligation was executed, and which was rejected by the

court, as irrelevant, on the ground, that such error, if it
existed, could not affect the plaintiff; that the heirs must look to each other for the correction of errors. The defendants' counsel excepted to the opinion of the court.

*Thomas,* for the plaintiff:

1. This suit is brought on a promissory note. The defendants say there was error in the original settlement of the accounts for which this note is given, and that the obligation to pay it is void.

2. The principles of this case are settled by former decisions of this court; that there is a clear novation of the original debts, and the plaintiff must look to the defendants alone for payment.

3. The error which the defendants set up as arising in the original transaction between them and Lamoine's estate, cannot be inquired·into here.

*Boyce,* for defendants:

1. The defendants having discovered that they executed the note sued on in error, have a right to set up this matter in defence, against the note in the hands of the assignee.

2. The novation or giving a new note, does not vary the rights of the defendants in their defence to this action; they have all the rights against the assignee that they had against the original parties to the transaction.

3. But, it is contended, that there was no novation in the execution of this note; it was given on the settlement of certain claims and demands, in which there is error to the great prejudice of the defendants.

*Thomas,* in reply:

1. The note sued on, is a purely commercial one, passed off in the regular course of business, and the defendants

cannot go into an inquiry relative to the want of conside-
ration, as against the plaintiff.

COCO
vs.
LACOUR ET AL.

2. The original note for which this was given in part, is
not in our possession. If the defendants want to show that it
was of a different character from this, they must produce it;
we cannot.

3. A case similar to this, has been already decided in our
favor. See *Baldwin* vs. *Williams*.

PORTER, J., delivered the opinion of the court.

The plaintiff held two notes on the succession of the defen-
dant, Lacour's husband; one had been endorsed and trans-
ferred to him by a certain Gauthier; of the other, he was the
payee. After the death of the obligor, she was appointed
tutrix to his minor children, and assumed the administration
of the estate. While acting in that capacity, she took up the
two notes already mentioned, and gave in lieu of them, that
on which this suit is brought; the codefendant, Rabelais,
signed as surety.

To this action the defendants plead that there was a want
of consideration for the instrument on which the plaintiff now
seeks to recover. That the note to Gauthier was given for
a balance supposed to be due to him, when in truth none was
owing. That the other was also without consideration; and
that the plaintiff was well acquainted with the transactions
which caused the obligation to be executed in favor of
Gauthier.

The suit was commenced in March term, 1830, and at the
October term of 1831, the defendants as the cause was about
to be called for trial, presented certain interrogatories on
which they required the judge's order that the plaintiff answer
them. They were objected to as coming too late, and as
irrelevant. The court sustained the objection, and the de-
fendants excepted. We think the court did not err. The
law requires interrogatories to be annexed to the petition, or
answer, as the case may be. No doubt they may be filed

*It is too late
to propound
interrogatories
to be answered
by the adverse*

after with leave of the court, on a proper case shown. But whether viewed as an amendment to the pleadings or as an application to procure evidence, it is too late to present them at the moment the cause is about to be tried, without showing some reason why they were not offered sooner, and supporting the allegation by affidavit in the ordinary way. It is obvious that a right such as is set up here would enable a defendant to obtain a continuance in all cases where delay was an object. Nothing more would be necessary than to refrain from propounding interrogatories, of the materiality of which he was a long time previously aware. No proof is offered here to take the case out of the general rule. It is not shown the plaintiff was present, and if he had seen the interrogatories were of such a description that an immediate reply could not have been given; for they called for answers which must have required an examination of accounts.

The case has been principally argued on the responsibility of the defendants for the note which had been executed by the deceased in favor of Gauthier and by him assigned and transferred to the plaintiff. It has been contended the plaintiff well knew the consideration on which it was given when he received it, and that a subsequent settlement and partition between the heirs of the deceased and the wife of Gauthier shows it was executed in error. Admitting all this, it does not follow the plaintiff is not entitled to recover. A note may be taken with the knowledge of the consideration which passed between the maker and payee, and subject to the chance of payment being disputed by the former. In such case the party receiving it may consent to run the risk of the dispute, with the conviction that he has in any event his recourse against the endorser. And that recourse is in no respect affected by the knowledge that the maker may contest his responsibility. If, afterwards, the maker gives to the holder a new note, with another security, and takes up the old one, he cannot, when called on for payment, enter into the original consideration, because he has by his act induced the holder to surrender the right which he had against the

WESTERN DIS.
October, 1832.

COCO
vs.
LACOUR ET AL.

party when the cause is about being called for trial. The law requires they should be annexed to the petition or answer, or they may be filed afterwards by leave of court on a proper case shown, but cannot be presented at the moment of trial without good reason appearing why they were not offered sooner, supported by affidavit.

If the maker of a note gives the holder a new note with another surety and takes up the old one, he cannot, when

WESTERN DIS.
October, 1832.

COCO
vs.
LACOUR ET AL.

called on for
payment, enter
into the origi-
nal considera-
tion, because
he has by his
act induced the
holder to sur-
render the
right which he
had against the
endorser, who
was responsi-
ble on the ori-
ginal instru-
ment. The sur-
render of that
security is a
good conside-
ration for the
new obliga-
tion.

endorser, who was responsible to him on the original instrument. The surrender of that security was a good consideration for the new obligation. An attempt has been made to take the case out of the principle just stated, on the ground that this petition alleges the new note was taken as additional security for the debt due by the estate of Lamoine. It is clear this allegation refers to the effect which the instrument was to have in relation to the original obligor, and such may have been the understanding of the parties. But in respect to the endorser, not a doubt can exist that an agreement between the endorsee and a third party, by which a new note was taken and that surrendered on which the endorser's name stood, was an extinguishment of the endorsee's recourse against the endorser. 1 *Mar. N. S.* 618.

This opinion renders it unnecessary to notice the bill of exceptions taken to the opinion of the court refusing the defendants' permission to give evidence relative to the consideration of the note surrendered up.

The remaining question in the cause relates to a claim set up by the defendants to have discussion of the estate of Lemoine for that portion of the obligation which was given for the debt due directly from it to the plaintiff. They found this demand principally on the allegation contained in the petition, which has been already noticed, that the present note was given as an additional security. The facts of the case show that although the security was additional, it was by an agreement independent of the contract it was intended to secure. The obligation to pay is distinct from the original debt. It is positive and unconditional, and there can be no question that even considering the defendants as sureties, they cannot claim the right of discussion, because sureties may bind themselves *in solido* with the principal, or make an independent obligation by which the right of discussion is abandoned.

This opinion dispenses with the necessity of examining the third bill of exceptions relative to the propriety and legality

of receiving parole evidence in relation to the insolvency of Lemoine's estate.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.