LECKIE
vs.
SCOTT ET AL.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

---

### LECKIE *vs.* SCOTT ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE
JUDGE OF THE SEVENTH PRESIDING.

Where the plaintiff is interrogated to disclose the truth, respecting, the demand sued on, and he evades answering on a technical objection, it creates a violent presumption, that such disclosure would have destroyed his claim.

Where the maker and owner of a note, which he gets endorsed by the payees, transfers it to a third person, it becomes an accommodation paper, in which the endorser is merely a surety.

The surety may avail himself of all the pleas to which the principal is entitled, except such as are personal to the latter, as non-age, coverture, and the like. He may plead the want of consideration, or an illegal one, as a gaming consideration.

A partner has no right to use or endorse the signature of the firm, when the endorsement is not made in a partnership transaction.

It is not clear that one partner can use the endorsement of the firm, for a private transaction, even with the express consent of the other. Partners perhaps, have no right to jeopardize the interests of their creditors, by using the name of the firm to secure gambling debts.

Any person within the verge of the court, may be called on to testify and disclose the truth; and if he is called as a witness, or as a party, to answer interrogatories, he cannot urge or excuse himself that he was not summoned, or had no notice to answer on that particular day.

So, where the plaintiff is notified to answer interrogatories, in open court, and no day is fixed, and he happens to be present in court at the trial, and refuses to answer, his presence will be considered a waiver of notice to appear on *a particular day*, and he is consequently bound to answer, or on his refusal and neglect, the interrogatories will be taken *for confessed*.

This is an action by the holder, against the drawer and endorsers of the following promissory note :

$500.  " ALEXANDRIA, 1st September, 1833.
" Four months after date, I promise to pay to the order of W. P. & J. B. Scott, five hundred dollars, for value received.
  "R. F. SLOCUM.
(Endorsed) " W. P. & J. B. SCOTT."

The drawer let final judgment go against him by default, for the amount of the note.

The plaintiff alleges that demand of payment was made on the drawer, and refused, and that the note was protested for non-payment, and due notice thereof given to the endorsers; he therefore prays for judgment in solido, against the defendants, &c.

J. B. Scott, one of the defendants, pleaded a general denial, and that he was in no way responsible, because the note sued on was given without consideration, as between any of the parties to it, being for a gambling debt, which fact was within the knowledge of all the parties to the note, at the time it was given: that if ever said note was endorsed by his firm, it was without his knowledge or authority, and he is not liable for any transaction of this kind, being for a gambling debt, known to the plaintiff, and in no way connected with his mercantile business. He prays to be dismissed with his costs.

The defendant, J. B. Scott, further prays, that the plaintiff be ruled to answer the following interrogatories, to wit :

1st. Was not the note sued on given to you with the endorsement of W. P. & J. B. Scott upon it, by Slocum, the defendant, for a sum of money which you claimed to be due you from said Slocum ?

2d. Was not the amount claimed by you from Slocum, and for which the note was given, made up of sums which had been won from said Slocum by you, at cards; and if not all, say how much of it was so made up?

3d. Was any part of said note made up of amounts or sums won by W. D., of Slocum, and by him transferred to you, with a knowledge on your part, that it had been won? If any, say how much.

4th. Did you ever give any other consideration for the note sued on, than the one as set forth in the foregoing interrogatories? If any, state what it was.

The evidence showed, that the endorsment was made by W. P. Scott, one of the partners of the commercial firm of W. P. & J. B. Scott, and that the note was protested during the existence of the firm.

No day or time having been fixed for the plaintiff to answer the interrogatories propounded by the defendant, J. B. Scott, but the former being in court, the counsel for the latter moved, that he be ruled to answer them in open court, in the presence of the jury, the motion was allowed by the court, and the plaintiff ordered to answer accordingly. This was done after a decision of the court upon argument, that a former order was defective, because no day had been fixed upon, &c ; and the plaintiff failing to answer in open court, as first above ordered, the court instructed the jury, that said interrogatories were to be taken for confessed; to which opinion of the court, plaintiff's counsel took a bill of exceptions.

Objections were also made to the defectiveness of the protest and notice of non-payment.

The jury, notwithstanding the instructions of the court, to take the interrogatories propounded to the plaintiff for confessed, in consequence of the refusal to answer them, returned a verdict against the defendant, J. B. Scott. From judgment rendered thereon, he appealed.

*Winn* and *Dunbar*, for the plaintiff, insisted that the defence set up, that the note was given for a gaming consideration,

could not avail the endorser, although it might have been good, as between the maker and the plaintiff.

2. The plaintiff was not bound to answer the interrogatories, because there was no day fixed; the decision of the court, requiring them to be answered forthwith, was erroneous and illegal.

3. It was an alteration in the pleadings to require the answers after trial had commenced. No plea can then be put in, except the plea of prescription.

*Flint* and *Hyams*, for the defendant and appellant.

1. The party was present in court when the trial commenced, and there could be no objection to a motion, that he should be ruled to answer forthwith. He had been previously notified of the interrogatories, and could not be taken by surprise, as he was bound to take notice of them. There was no particular time required, and none could be more appropriately selected, than during the progress of the trial.

2. The equity and consideration can be gone into between all the parties to a note. The plaintiff in this case knew well the note was given for a gaming consideration, and that the endorsement was made by a member of the firm, without the consent of J. B. Scott, the present defendant.

*Winn*, in reply.

1. The defendant, Slocum, had a right to pay this debt to the plaintiff, in any way he pleased. He could pay it in an endorsed note of any person, and the parties to the note had no right to inquire for what it had been given. He had a right to get his own note endorsed, and pass it off. An endorsed note passes by delivery, as a bank note.

*Martin, J.*, delivered the opinion of the court.

It appears to us, that if in any instance, justice requires that the case should be remanded, it is the present.

The appellant appealed to the plaintiff for the discovery of the truth, which he evaded on a technical objection. The

Where the plaintiff is interrogated to disclose the truth respecting the demand sued on, and he evades answering, on a technical objection, it creates a violent presumption that such disclosure would have destroyed his claim.

Where the maker and owner of a note, which he gets endorsed by the payees, transfers it to a third person, it becomes an accommodation paper, in which the endorser is merely a surety.

The surety may avail himself of all the pleas to which the principal is entitled, except such as are personal to the latter, as non-age, coverture, and the like. He may plead the want of consideration, or an illegal one, as a gaming consideration.

WESTERN DIST.
October, 1836.

LECKIE
*vs.*
SCOTT ET AL.

A partner has no right to use or endorse the signature of the firm, when the endorsement is not made in a partnership transaction.

It is not clear that one partner can use the endorsement of the firm for a private transaction, even with the express consent of the other.

Partners, perhaps, have no right to jeopardize the interests of their creditors, by using the name of the firm, to secure gambling debts.

Any person, within the verge of the court, may be called on to testify and disclose the truth; and if he is called as a witness, or as a party, to answer interrogatories, he cannot urge, or excuse himself, that he was not summoned, or had no notice, to answer on that particular day.

So, where the plaintiff is notified to answer interrogatories, in open court, and no day is fixed, and he happens to be present in court at the trial, and

latter being accidentally present at the trial, the court called upon him to disclose the truth, and he refused to do so; hence a most violent presumption arises, that such a disclosure as he was called on to make, would have destroyed his claim.

Presuming the facts suggested by the appellant in his interrogatories to exist, let us examine their effect upon the case before us. The maker of the note transferred it to the appellee, after procuring its endorsement by the firm of W. P. & J. B. Scott. The former was therefore the owner, and if so, it was an accommodation paper, in which the endorser was merely a surety. The surety may avail himself of all the pleas, to which the principal is entitled, except such as are personal to the latter, as non-age, coverture, and the like. He may therefore plead the want of consideration, or an illegal one. In such a case the *facts* alleged would support the latter plea, to wit : a gaming *consideration.*

It further appears, that the appellant did not endorse the note himself, and the endorsement not being made in a partnership transaction, his partner had no right to use the signature of the firm.

It is not very clear, that if the note had been endorsed with the special consent of the appellant, the plaintiff could even then have obtained judgment thereon against the firm. Partners, perhaps, have no right to jeopardize the interests of their creditors, by using the name of the firm to secure gambling debts.

The conclusion at which the court has arrived on this part of the case, renders it unnecessary to notice the clerical mistake in date, as respects the notice of protest.

In remanding the cause, it becomes necessary to inquire into the propriety of the charge of the district judge, to the jury, with a view to ascertain whether any direction is to be given by this court.

It appears to us, that our learned brother did not err. Any person within the verge of the court, during the trial, may be called upon to disclose the truth. If he be called as a witness, he cannot urge that he was not summoned. If he

be called upon as a party to the suit, he has no better right to excuse himself on the ground that he was not ruled to answer on that particular day. The court will, however, see that he is not taken by surprise. In the present case, the plaintiff had been notified to answer interrogatories in open court, and necessarily during the trial. No particular day had been fixed, consequently no advantage could have been taken of his failure. His presence at the trial was a waiver of notice to appear on a given day; he was therefore bound to answer the interrogatories, or submit to the consequences of his refusal or neglect. Thus the jury were correctly instructed to take the interrogatories *pro confessis.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside, and the case remanded for a new trial; the plaintiff and appellee paying the costs of this appeal.