FELIX H. HAYDEN *v.* JOHN DAVIS.

A party, within the verge of the court during the trial, may be called on to answer, *instanter*, interrogatories, as to matters requiring no recurrence to accounts or written memoranda.

APPEAL from the City Court of Lafayette, *Elliott,* J.

BULLARD, J. The plaintiff, who is a justice of the peace in and for the parish of Jefferson, sued to recover of the defendant damages for a libel, alleged to have been written and published against him in his judicial capacity, and having recovered one hundred dollars, the defendant appealed. The alleged libel was in the following words: " The inhabitants of Carrollton will take notice that Felix Hayden has given judgment against me for $20, and deprived me of witnesses to defend me."

The defendant answered that he did make the alleged publication, and that he believes the contents of it are true, and in accordance with the conduct of the plaintiff in his capacity of magistrate, towards the respondent, which conduct he has a right to discuss; and that he was not actuated by malice.

Our attention has been called to a bill of exceptions in the record, from which it appears that, pending the trial, which was without a jury, the *plaintiff being personally in court,* the defendant moved for leave to file a supplemental answer, containing the following interrogatories, to be answered by the plaintiff, their materiality and importance in the defence having been regularly sworn to.

" Did you not, on Saturday, the 8th, before the hour for the trial of the case between *Etienne Cloud* and *John Davis,* on the application of the latter, stating that a witness by the name of Campbell was absent, tell him you would postpone the trial and give him further notice. If this was not precisely what occurred, state fully what did occur, between you, that morning, and John Davis; and what Davis said to you, and you said to Davis?"

The judge refused to permit the supplemental answer to be

filed, or to order the plaintiff, then present in court, to answer the interrogatories. His reason for overruling the motion, is not stated in the bill of exceptions. If it were, as has been argued by the counsel for the appellee, that the application was made too late, after the trial had commenced, we think the court erred. The same question, in substance, presented itself in the case of *Leckie v. Scott et al* (10 La, 412), and we then held, that a party present within the verge of the court during the trial, might be called on to answer interrogatories *instanter*. The only difference between the two cases is, that in *Leckie v. Scott* the court had ordered the interrogatories to be answered in open court, but had fixed no time; in the one now before us, the court was called on to direct the question to be answered *instanter*. No party can justly complain that he is made a witness in his own cause; nor that he is taken by surprise, when he is called on to relate what was said on a particular occasion, which does not require a recurrence to books of account or written memoranda. This is more especially the case when the party thus interrogated is a magistrate, whose official conduct is under judicial investigation, and who is seeking to recover damages, for an alleged slander against him while acting in that capacity.

It is, therefore, ordered and decreed, that the judgment of the City Court be reversed, and that the case be remanded for a new trial and further proceedings according to law; the appellee paying the costs of the appeal.