AMY HEWLETT v. JOHN P. HENDERSON.

Though the judges of the lower courts have better means than the Supreme Court of ascertaining the views with which a continuance is applied for, and the latter is generally disposed to sustain their decisions in such cases, yet, where it is evident that a continuance has been improperly refused, relief will be afforded.

A party to a notarial act cannot prove its simulation by parol; it must be shown by a counter-letter, or by the answers of the other party to interrogatories.

It is sufficient to account for the absence of an original, at the time when the copy is offered to be read in evidence.

A party who has several witnesses, may rely on the testimony of the one whom he considers the best; he is not bound to forego his evidence, and to try his case on the evidence of those only who may not be so well informed.

APPEAL from the District Court of the First District, *Buchanan, J.*

*Michel* and *Roselius,* for the plaintiff.

*Elmore* and *W. W. King,* for the appellant.

MARTIN, J. The defendant and appellant complains that the first judge incorrectly refused him a continuance.

The first time that the cause was called for trial, it was continued, on the defendant's affidavit that a material witness of his, a resident of New-Orleans, was absent on a trip to Mobile, having left New-Orleans a few days before the trial, without the knowledge of the defendant, who stated the fact expected to be proven. At the next court a second continuance was asked, on an affidavit that a commission had been sent to Mobile to take the deposition of the witness, who remained there, but that he happened to be out of the way; that on being informed

of this by a messenger of his correspondents, he (defendant) sent new directions to have the deposition taken ; that he was in daily expectation of receiving it ; and that he neglected no means to obtain it in time. The continuance was refused. Judgment was given against him, and, on the next day, having received the deposition, he prayed for a new trial, on the ground of newly discovered evidence ; and this was refused. He appealed.

The counsel of the plaintiff has reminded us, that we have often acknowledged that the first judges possess infinitely better means than ourselves, of ascertaining the dispositions in which suitors seek a continuance of their causes ; and that, consequently, we feel always a great disposition to sustain their decisions in such cases ; but the parties litigant must not conclude from these declarations, that this court must always decline to listen to the complaint of a party, who urges that a continuance was improperly refused.

The absence of the witness without the fault of the defendant, his materiality, the facts intended to be proven by him, and the hope of his attendance at the next court, were sworn to. No circumstance could possibly excite suspicion, and the continuance was readily granted. On the rising of the court, the defendant took out a commission, which he sent to the city of Mobile, where he had learned that his witness remained ; and, on being informed that the casual absence of the latter had prevented the execution of the commission, he sent new directions to have it executed and transmitted as soon as possible. His affidavit stated that he had resorted to every legal means in his power, and his hourly expectation of receiving the testimony.

Besides this, he made oath that one Gibbes, another witness of his, who resides in New-Orleans, had gone, on urgent business, to Donaldsonville, the day previous to the trial, contrary to the expectation, and without the knowledge of the defendant, from whom he had concealed his intended departure to avoid being prevented by a *subpœna* from availing himself of a boat going to Donaldsonville.

It is difficult, indeed, to discover, on what ground our learned brother refused the second continuance, or to grant a re-hear-

ing, or new trial when the testimony arrived from Mobile. The counsel for the plaintiff and appellee has suggested to us, that the defendant's answer, although it alleged a simulation of the act under which the plaintiff claimed, did not aver the existence of a counter-letter; that the simulation of a notarial act cannot, indeed, be shown by parol evidence; and that the party must provide a counter-letter. But this is not essential; the absence of such a letter could not be urged, by a party whose conscience was sought to be probed. Further: the counsel for the plaintiff has shown that the defendant stated only that he had a copy of the counter-letter, without accounting for the absence of the original. We are of opinion that it was sufficient to account for the absence of the original, before the copy was offered to be read. Lastly, the counsel urged that the plaintiff had two witnesses, both of whom are subscribing witnesses, and that the first continuance was obtained on the absence of one of them only, without showing why the trial was not proceeded with as to the other, who, it is said, was present. The record does not show the presence of that witness in court. The party who has several witnesses, may rely on the testimony of him whom he considers the best, and is not bound to forego his evidence, and try his case with the aid of those only who may not be so well informed.

The District Court, in our opinion, erred.

It is, therefore, ordered and decreed, that the judgment be annulled and reversed, and the case remanded for a new trial; the plaintiff and appellee paying the costs of the appeal.