## DEMOULIN *v.* ANGLAIRE et al.

A party present at the time of trial may be required to answer *instanter* interrogatories on facts and articles, though then propounded for the first time, where the questions require no recourse to books or papers, and the answering of them cannot delay the trial. The party interrogated may require the questions to be propounded in writing, but cannot insist upon being sworn as an ordinary witness, subject to cross-examination.

APPEAL from the Parish Court of New Orleans, *Maurian*, J. *Pepin*, for the appellant. *Le Gardeur* and *Grima*, for the defendant *Lafon*.

The judgment of the court was pronounced by

KING, J. The plaintiff has appealed from a judgment dismissing his demand as to one of the defendants. The questions which arise are presented in several bills of exception, taken to opinions of the judge on the trial of the cause in the court below. The conclusion at which we have arrived in relation to one of these, renders it unnecessary to consider the others.

On the trial of the cause, *Lafon*, one of the defendants, being personally present in court, the plaintiff moved that he be required to answer interrogatories, which were proposed in writing. The application was resisted on the ground

DEMOULIN
v.
ANGLAIRE.

that they came too late. The judge recognised the right of a party to require the answers of his adversary to interrogatories on facts and articles when they were appended to the petition, also the right to interrogate a party who was personally present at the trial; but entertained doubts whether, in the latter event, the party interrogated was to be considered and sworn as a witness generally in the cause, subject to cross-examination, or should be required only to answer the written questions propounded. Counsel were unprepared at the time to remove these doubts, and the judge determined that, as interrogatories on facts and articles, they were presented too late.

We think the judge erred. It is well settled that, if a party be personally present at the trial of his cause, he may be required to answer interrogatories on facts and articles *instanter*, when the questions are such as not to require a recourse to books or papers, and this whether the interrogatories be annexed to the original petition, or be then presented for the first time. 9 Rob. 323. 10 La. 416. The party interrogated may insist, before he answers, that the questions be proposed in writing. If, however, this right be waived, and he be sworn generally in the cause, he testifies as an ordinary witness, and is subject to cross-examination. 1 Rob. 300.

The case of *Coco* v. *Lacour*, 4 La. 511, relied on by the defendant, in no way conflicts with the rules established in the decisions just cited. In that case the party proposed to be interrogated was not present at the trial, and an order requiring him to answer would have delayed the cause. It was held that the trial was not, under those circumstances, to be postponed, without a sufficient reason shown by affidavit why the interrogatories were not presented sooner. The questions propounded to the defendant in the present instance were material, related to facts of which he must have been necessarily conversant, and no delay could have occurred if he had been required to answer them. The plaintiff was entitled to the benefit of his answers, and the cause must be remanded for the purpose of enabling him to obtain them.

It is therefore ordered that so much of the judgment of the Parish Court as dismissed the plaintiff's demand against the defendant *Tomy Lafon*, be avoided and reversed, and that the cause be remanded for further proceedings, with instructions to the judge to order the said defendant, *Lafon*, to answer the interrogatories propounded to him by the plaintiff; the appellee paying the costs of this appeal.