## BROOKS v. WALKER, Administrator.

The delivery of letters of administration is presumtive evidence that the oath required of an administrator has been taken, and will impose upon one who contests the fact the burthen of proving that the formality has not been complied with.

The objection that one who sues as an administrator is not a resident of the State, made for the first time on a motion for a new trial, comes too late.

Where an order of seizure and sale is enjoined, and the creditor answers the petition for an injunction, praying for a judgment against the plaintiff in injunction for the debt due him,

with mortgage, the only effect of the prayer will be to change the proceedings from the *via executivâ* to the *via ordinariâ*. The change involves no abandonment of the action, but merely authorizes a judgment to be rendered affecting the debtor's property with a general mortgage.

Where an order of seizure and sale is enjoined, and the proceedings are changed from executory to ordinary by the answer of the creditor, both parties being before the court and issue joined between them, the plaintiff in injunction cannot object to the proceedings *via ordinariâ* on the ground of want of service of citation and petition.

Where the conditions announced at a sale of land, and stated in the *procès-verbal*, show clearly that it was intended that the property should remain mortgaged to secure payment of the notes given for the price, the effect of an adjudication, made upon those conditions, will be at once to convey title and to create a mortgage. It was not necessary to the perfection of the title that the adjudication should have been followed by a separate act, signed by the parties (C. C. 2601); and the *procès-verbal* of a sale, made under the authority of a Court of Probates, is full evidence of the mortgage retained, and when signed by the purchaser and parish judge, in the presence of two witnesses, imports a confession of judgment. Neither the signature of the administrator of the succession, nor of any agent for him, is necessary to complete the purchaser's title, nor to give to the *procès-verbal* the authenticity of an order of seizure and sale.

The purchaser of the property of a succession cannot plead in compensation a debt due to him by the deceased. An administrator cannot assent to such an extinguishment of the debt, in violation of the rights of other creditors.

A prayer for a jury is too late, after the case has been called for trial. C. P. 494, 495.

A party to a suit will not be required to answer interrogatories, where the application to propound them was made after the case had been called for trial, and the party proposed to be interrogated was absent.

APPEAL from the District Court of Pointe Coupée, *Farrar, J. Lacoste*, for the plaintiff. *Ratliff* and *Cowgill*, for the appellant. The judgment of the court was pronounced by

KING, J. The plaintiff *Brooks* and *W. Walker* were the joint owners of a tract of land. *Walker* died, and a sale of the land was made under an order of the Court of Probates, for the purpose of effecting a partition. The terms of the sale required that the purchaser should give his notes, secured by a special mortgage on the land. *Brooks* became the purchaser at the public sale, and gave his three notes for one-half of the price payable to the administrator of the deceased, and identified with the sale by the *paraph* of the parish judge. A partial payment was made by the plaintiff, and for the residue *Walker's* administrator obtained an order for the seizure and sale of the land, the execution of which the plaintiff instituted this action to enjoin. The grounds upon which the injunction was claimed are: 1st. Because the *procès-verbal* of the sale, upon which the order of seizure issued, is not an act importing a confession of judgment, there being no acknowledgment of the debt claimed. 2d. Because the order directs the sale of the entire tract of land described in the *procès-verbal* of the sale, only one undivided half of which it is alleged was included in the mortgage. 3d. Because there was no legal adjudication to the plaintiff, the *procès-verbal* of sale not having been signed by the administrator, but by one *Van Winkle*, who professed to act as his agent, but whose authority as such is not shown. 4th. Because the administrator of *Walker* does not appear to have taken his official oath as such; and, without being sworn, was not authorized to maintain the action. 5th. Because he is in danger of being evicted from the land purchased.

The administrator filed an answer to this petition, in which he prayed for a dissolution of the injunction, and for a judgment against the plaintiff for the

BROOKS
v.
WALKER.

debt claimed in the original petition, and that his privilege and mortgage should be recognized and enforced. Upon the filing of this answer the plaintiff moved for the dismissal of the executory proceedings, on the ground that the action had been changed from the *via executiva* to the *via ordinaria*, and that the two suits could not be conducted together. The motion was overruled, and the judge ordered the two proceedings to be consolidated. After the cause was called for trial the plaintiff in injunction filed a supplemental petition, in which he pleaded compensation and prayed for a jury. He also offered to file an exception and answer, in which he excepted to the want of citation, repeated most of the allegations contained in his original petition, and appended to it interrogatories to the plaintiff. The court overruled the prayer for a jury on the ground that the application came too late, and refused to order the interrogatories to be answered, the defendant being absent. On the trial a judgment was rendered in favor of the succession of *Walker* for the debt claimed, and the plaintiff has appealed.

As the evidence of his authority, the administrator exhibited the letters of administration delivered to him by the judge, in which it is stated that, "he has been duly and legally appointed administrator of the succession of *William Walker*, deceased, and *has taken the oath*, and given the bond and security required by law." The delivery of letters of administration presupposes that the required oath has been taken, and is such evidence of the fact as to impose upon the party contesting it the burthen of proving that the formality has not been fulfilled. The objection that the administrator is not a resident of the State, was made, for the first time, in a motion for a new trial; and was, if well founded, made too late to be considered. We may remark, however, that there is no evidence that he was a non-resident at the date of his appointment. His subsequent change of domicil, may furnish a sufficient ground for removing him from his trust, but no such removal has been shown. C. C. art. 1119. 12 Rob. 238.

The judge did not, in our opinion, err, in overruling the motion to dismiss the executory proceedings. The only effect of the prayer for a judgment against the plaintiff in injunction for the debt claimed in the original petition, was to change the proceedings from the *via exicutiva* to the *via ordinaria*. This change involved no abandonment of the action, but merely converted it into a suit to be proceeded with in the ordinary form, by the introduction of evidence on the trial in support of the allegations of the original petition, and authorising a judgment to be rendered affecting the debtor's property with a general mortgage. 4 La. 307. 16 La. 101. 19 La. 374. When this change took place both parties were before the court, issue was joined between them, and the plaintiff in injunction could not then claim to be served with citation and a copy of the petition. *Barrow* v. *Wright, ante* p. 130.

The *procès-verbal* of the sale, which it is contended affords no evidence of a mortgage, recites : "That the terms and conditions of said sale are as follows : the purchase price payable in one, two, and three years from the 1st of January next, by equal instalments, the purchaser to furnish his notes, with approved personal security, *in solido*, bearing ten per cent interest per annum after due until paid, and a special mortgage on the land to secure the said notes." It is signed by the parish judge and by the purchaser in the presence of two witnesses, and also by one *Van Winkle*, as the agent of the administrator. It is contended that the terms used in the *procès-verbal* create no mortgage, but

contemplate a future act in which a mortgage was to be given. It was clearly intended by the conditions announced at the sale, and stated in the *procès-verbal*, that the land should remain mortgaged to secure the notes given for the price. The effect of the adjudication upon those conditions was, at once, to convey title and create a mortgage. 7 La. 468. It was not necessary for the perfection of the title that the adjudication should have been followed by a separate act, signed by the parties. C. C. art. 2601. The *procès-verbal* of a sale, made under the authority of the Court of Probates, has been repeatedly held to furnish full evidence of the mortgage retained; and when signed by the purchaser and parish judge, in the presence of two witnesses, to import a confession of judgment. 7 La. 468. 6 Rob. 26. Neither the signature of the administrator, nor that of his agent, was necessary to complete the purchaser's title, nor to give to the *procès-verbal* the authority required to authorize the granting of an order of seizure and sale.

The testimony does not, in our opinion, support the allegation that the plaintiff is in danger of being evicted. The only evidence relied on in support of the averment is, that the admission made at the trial that a witness named in an affidavit for a continuance would, if present, swear "that he was well acquainted with the locality of the land, that he knew the extent and character of the conflicting claim urged by the heirs of *James Simpson* deceased, he having assisted in surveying and running out the same." These facts if sworn to would not show that the plaintiff has been disquited, nor would they furnish reasonable grounds for apprehending that he would be disquited in his possession. C. C. art. 2535.

The claim pleaded in compensation was properly rejected. The purchaser of the property of a succession is not permitted to offer a debt due to him by the deceased in compensation. The administrator is without authority to assent to such an extinguishment of the debt, in violation of the rights of other creditors. 7 Mart. N. S. 238.

It is not material to enquire whether the whole, or the undivided half only, of the land was affected with the special mortgage resulting from the adjudication at the probate sale. The conversion of the executory into an ordinary proceeding authorized a judgment operating a general mortgage on the property of the debtor, in virtue of which the entire tract may be seized in satisfaction of the debt.

The prayers for a jury, and that the plaintiff should be required to answer interrogatories, were properly overruled. The cause had not only been set down, but had been called for trial, when the applications were made, and the plaintiff was absent. C. P. arts. 494, 495. 1 Ann. R. 403. 4 La. 511.

*Judgment affirmed.*