The opinion of the court was delivered by
Fenner, J.
The plaintiff sues to recover title to certain innnovaable property which had been conveyed by her by an authentic act of sale to defendant, on the ground that said sale was a simulation, executed for the purpose of protecting the property from seizure under a judgment which might be rendered against her in a suit then pending.
No fraud, error, violence or other matter affecting the validity of plaintiff’s consent to the authentic act of sale is alleged; nor does she pretend that she has, or that there exists, or ever existed, any counter letter.
Plaintiff attached to her petition interrogatories on facts and -articles addressed to defendant and designed to probe his conscience as to the truth of the facts alleged. Defendant answered, setting up an entirely different state of facts from that propounded by plaintiff, denying the simulation of the transfer and averring that it was a real transaction, intended to secure the legitime of defendant’s wife as forced heir of her father and with the understanding that he, defendant, was ultimately either to convey the property to his said wife or to sell it and devote the proceeds to her benefit.
After the filing of these answers, defendant filed three exceptions, viz: first, that the petition discloses no legal cause of action; second, that the action can not be maintained because based on considerations illegal, immoral and contrary to public policy; third, that the action seeks to enforce an obligation founded on a false or unlawful cause.
After trial of these exceptions, the judge a quo rendered judgment maintaining the exception of “no cause of action,” from which this .appeal is taken.
Although the judgment on its face purports to maintain only the first of the exceptions above stated, it is treated here as maintaining all of the exceptions, and counsel on both sides devote their discussion mainly to the question whether or not plaintiff should be sent *738 out of court, because the cause of action set forth in her petition discloses a fraudulent and immoral transaction, the purpose of which was to defeat her creditors, and subject to the rule that “courts of justice will not aid parties to enforce or relieve them from the effects, of contracts made in violation of law.”
Under the view We take of the case, we do not find it necessary to-decide this question.
The plaintiff makes part of her petition the authentic act of sale-which she seeks to contradict and destroy.
The Code declares that “ the authentic act is full proof of the agreement contained in it against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.” R. C. O. 2236.
It is horn-book law in our jurisprudence that the verity and reality of authentic sales can be assailed by the parties thereto only in two-ways, viz: first, by means of a counter-letter; second, by the answers of the other party to interrogatories on facts and articles. Forest vs. Shores, 11 La. 418; Hewlett vs. Henderson, 9 Rob. 379; Succession of Thomas, 12 Rob. 215; Semere vs. Semere, 10 An. 704;, Tesson vs. Guzman, 27 An. 266; Newman vs. Shelley, 36 An. 100; Crozier vs. Ragan, 38 An. 154. See also Rawle vs. Fannessey, 6 N.. S. 206,; Maignan vs. Gleises, 4 La. 1; Badon vs. Badon,. Id., 169; Brousseau vs. Indrique, Id., 351; Liantand vs. Baptiste, 3 Rob. 441; Bank vs. Tucker, 6 Rob. 443; Macarthy vs. Bank, 8 Rob. 102;, Macarty vs. Gasquet, 11 Rob. 270; Dabadie vs. Poydras, 3 An. 153; Gantier vs. Briault, 4 An. 487.
The same authorities show that the answers of a party to interrogatories stand in lieu and as the equivalent of a counter letter,, and are received on the same principle. See particularly 36 An. 100; 10 An. 704, and 9 Rob. 379.
Such answers, when made, stand as part of the pleadings. (Same cases last quoted.')
Although answers to interrogatories on facts ahd articles are generally subject to contradiction, yet when they are resorted to for the purpose of supplying the place of a counter letter, and to make proof’ which nothing else but a counter letter could make, they are evidently not subject to contradiction otherwise, at least than by a counter letter. This principle is, substantially announced in Semere vs. *739 Semere, 10 An. 704, and is an evident corollary of the reasons on which such answers are admitted.
Now in the ease at bar, it is conceded that there exists no counter letter. Plaintiff, to supply its absence, appealed to the conscience of her adversary, and his answers stood in the record as part of the pleading’s at the time when the exception of no cause of action was filed. The case stands precisely as if plaintiff had attached to her petition a counter letter to the same effect as the answers of defendant.
It is obvious that if the latter had been the ease, the exception of no canse of action would have been good, because the counter letter so alleged would have been totally inconsistent with the relief sought in the action and destructive of it.
So the answers of defendant evoked by her, and standing as part of the pleadings, must be given the same effect. They destroy her cause of action and throw her out of court. It is for the interest of .plaintiff that the litigation, in its present shape, should be terminated, since it can have but one result. Unless plaintiff has a counter 'letter, which is not pretended, she must stand either on the authentic act or on the answers of defendant, and either of them is fatal to her action.
Had plaintiff, in her petition, simply propounded the simulation of the authentic act without declaring on any counter letter, and without appealing to the conscience of her adversary, the exception here raised would have found its place under objections to testimony. But when the plaintiff declares on a counter letter, or when, as in this case, having none, she resorts to interrogatories to defendant, the answers to which are given, the counter letter or the answers form then part of the pleadings, and if they are destructive of the cause of action, an exception to that ’effect properly lies in limine.
■ Judgment affirmed.