WALSDORF v. CIOLINO

---

(April 7, 1930. Opinion and Decree.)
(May 5, 1930. Rehearing Refused.)
(July 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

---

L. Walter Cockfield and W. J. & H. W. Waguespack, of New Orleans, attorneys for plaintiff, appellee.

Joseph Lautenschlaeger and Louis L. Rosen, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. Plaintiff sues defendant for the sum of $2,000, which is alleged to be the balance due on the purchase price of a drug store sold by the plaintiff to the defendant by authentic act of sale on November 2, 1925. The petition alleges that the sale was in consideration of the sum of $9,000, receipt of which was duly acknowledged by the plaintiff in the act of sale, but as a matter of fact and truth only the sum of $7,000 was paid, made up as follows:

Cancellation of note which plaintiff owed defendant and secured by a chattel mortgage ............... $3,215.00
Retained by the defendant with which to pay outstanding bills of plaintiff incurred in the business ............................................... 3,000.00
Cash paid by defendant to plaintiff ............................................... 785.00

Total received by vendor .........$7,000.00

The petition further alleges that before the signing of the act of sale, defendant informed plaintiff that he did not have the full amount of the purchase price at that time and insisted that the vendor sign the act of sale as though he had received the full purchase price, representing verbally that as soon as he transferred a certain piece of real estate on Canal street, which he was going to do in a few days, he would then pay the balance of the purchase price of $2,000; that the representation that he did not have the full purchase price and that he had real estate on Canal street which he expected to transfer in a few days were fraudulent misrepresentations designed by the defendant for the purpose of defrauding the plaintiff of the sum of $2,000, defendant well knowing at the time that the said misrepresentations were false and untrue; that plaintiff acted in good faith and relied upon the fraudulent misrepresentations and signed the act of sale, acknowledging receipt of the full purchase price of $9,000, when as a matter of fact and truth he had only been paid the equivalent of $7,000, and there was still due and owing him the sum of $2,000 cash. The plaintiff prays for judgment against the defendant for $2,000 with legal interest from November 2, 1925, until paid.

Defendant filed a plea of oyer for a certified copy of the authentic act of sale which the plaintiff produced, and then filed an exception of no right or cause of action and a plea of estoppel based upon the acknowledgment in the notarial act of sale of receipt of the sum of $2,000 for which this suit is instituted. The exceptions were referred to the merits, and defendant then answered expressly reserving the benefits of the exceptions. Defendant, in his answer, admits the purchase of the drug store for the sum of $9,000 and that he only paid the plaintiff $7,000, but avers that the price was arrived at as follows: $2,500 for the fixtures and plaintiff's express representation that the stock of merchandise was worth the sum of $6,500; that an inventory was being made up of the stock of merchandise, but for the convenience of the plaintiff and at his request, defendant verbally agreed to sign the act of sale and withhold the sum of $2,000 from the purchase price as a guaranty that the stock would amount to $6,500, and in the event that the inventory was less than $6,500, defendant would be authorized to deduct any deficit from the sum of $2,000 which he held and then pay the plaintiff any difference; that an inventory taken in the presence of the plaintiff after the act of sale was passed showed the stock amounted to the sum of $3,834.69 or $2,665.31 less than the representations made by plaintiff; that thereupon it was agreed between the

plaintiff and the defendant that the defendant would retain the sum of $2,000 on account of the deficiency, and because of the impecunious circumstances of the plaintiff, defendant released him from the payment of $665.31, which loss the defendant agreed to bear; and that, moreover, defendant paid $54 for personal taxes upon the stock and automobile of plaintiff which the plaintiff had agreed to pay but failed to do so; and that defendant has been unable to collect this amount from the plaintiff.

When the case was called for trial on the merits, the defendant objected to any evidence being offered by the plaintiff in support of the petition because it did not set forth a cause of action and because parol evidence was inadmissible to vary or contradict the terms of an authentic act of sale. The court overruled the objection and permitted the evidence to be introduced, and rendered judgment in favor of the plaintiff for the sum of $2,000, and defendant has appealed.

The defendant has filed a plea of prescription of one year in this court on the ground that this is an action ex delicto, being a suit for damages sounding in fraud and therefore prescribed by one year under article 2315 of the Civil Code. As we view the pleadings and the form of action which the plaintiff has brought, it is a suit for the balance of the purchase price of the sale, and not for damages for an offense. The plaintiff does not seek damages for breach of contract or damages and a rescission of the sale on account of fraud, but is asking the court to compel the defendant to pay the balance or the purchase price of the sale. This is therefore a suit ex contractu and prescribed by ten years. Liles vs. Barnhart, 152 La. 431, 93 So. 490; Gaty, etc., vs. Babers, 32 La. Ann.

1091; Pickerell vs. Fisk, 11 La. Ann. 277; Rogay vs. Juilliard and Schneider, 25 La. Ann. 305. The plea of prescription is therefore overruled.

We will next take up the exceptions of no right or cause of action and plea of estoppel.

In considering the exception of no right or cause of action, the defendant admits the allegations of fact contained in the plaintiff's petition to be true. The allegations of fact contained in plaintiff's petition clearly and definitely charge the defendant with fraud. All the elements of fraud are contained in these allegations which we have outlined in the statement of the pleadings, that is, misrepresentations of existing facts with knowledge on the part of the defendant that they were false and untrue, and the reliance by the plaintiff in good faith upon these misrepresentations in signing the act of sale with a provision in it that he received $9,000, when as a matter of fact and truth he had received $7,000.

In the case of Locascio vs. First State Bank & Trust Company of Hammond, 168 La. page 728, 123 So. 304, 305, the Supreme Court held:

"It is the unbroken rule that authentic sales cannot be attacked, except by means of a counterletter or by interrogatories on facts and articles, or by allegation and proof of fraud or error."

Again in the case of Godwin vs. Neustadtl, 42 La. 735, 7 So. 744, the Supreme Court said:

"The authentic act is full proof between the parties thereto; and, in absence of fraud, error, violence, or other matter affecting the consent, the parties to such acts can only assail their validity and reality in two modes, viz: (1) By a counterletter;

(2) by the answers of his adversary to interrogatories on facts and articles."

See also Trager vs. Louisiana Equitable Life Insurance Company, 31 La. Ann. 235; Robinson vs. Britton, 137 La. 863, 69 So. 282.

Therefore the plaintiff had three modes of attack upon the authentic act. The plaintiff did not have a counter letter, but he did allege and charge fraud in his petition, and this brought the plaintiff's cause of action within the exception stated by the above authorities. He was also entitled to have the defendant's conscience probed by interrogatories on facts and articles. C. P. arts. 347 and 348, and authorities cited supra. So that even if there had been no allegations of fraud, it would appear that the lower court would have been justified in permitting the plaintiff to file interrogatories on facts and articles in order to probe the defendant's conscience. To have sustained the exception of no cause or right of action would have had the effect of depriving the plaintiff of this right simply because he failed to file the interrogatories on facts and articles with his petition. The judgment of the lower court in referring the exception to the merits, and requiring defendant to answer the petition, was therefore simply equivalent to allowing the plaintiff to file interrogatories on facts and articles after the exception of no cause or right of action had been filed.

In the case of Demoulin vs. Anglaire et al., 1 La. Ann. 403, the plaintiff appealed from a judgment dismissing his demand as to one of the defendants. On the trial of the cause one of the defendants was personally present in court, and the plaintiff moved that he be required to answer interrogatories which were proposed in writing. The application was resisted on the ground that it came too late. The judge of the lower court recognized the plaintiff's right to require his adversary to answer interrogatories on facts and articles when appended to the petition and also plaintiff's right to interrogate any one, who was personally present at the trial but entertained a doubt whether the party should be considered and sworn as a witness generally in the cause and subject to cross-examination, or should be required only to answer the written questions propounded. The Supreme Court held:

"We think the judge erred. It is well settled that, if a party be personally present at the trial of his cause, he may be required to answer interrogatories on facts and articles instanter, when the questions are such as not to require a recourse to books or papers, and this whether the interrogatories be annexed to the original petition, or be then presented for the first time. Hayden v. Davis, 9 Rob. 323. Leckie v. Scott, 10 La. 416. The party interrogated may insist, before he answers, that the questions be proposed in writing. If, however, this right be waived, and he be sworn generally in the cause, he testifies as an ordinary witness, and is subject to cross-examination. Martin v. Wright, 1 Rob. 300."

The above case is applicable here, as there were no books or documents involved in this matter which would have involved any delay of the trial.

We are therefore of the opinion that the district court was correct in overruling the exception of no right or cause of action and the plea of estoppel and requiring defendant to answer, first, because the petition does set forth a cause of action in that it alleges and charges fraud, and, second, even in the absence of an allegation of fraud the court would have been justified in permitting the plaintiff to file interrogatories on facts and articles in view of the above

authority; and the answer filed by defendant under oath being a judicial admission is entitled to equal weight as evidence as admissions under interrogatories on facts and articles, because under the circumstances of this case they amounted to the same thing, i. e., that the $2,000 had not been paid.

The defendant also argued in this court that the alleged fraud in the plaintiff's petition does not amount to legal fraud. It is contended that the allegations of the petition merely show that the defendant failed to carry out his promise to do something in the future. In view of what we have just said in reference to the exception of no cause or right of action, we find this point is not well taken.

On the merits the record shows that the plaintiff originally owned the building 4340 Carrollton avenue and operated a drug store in it. He became financially involved and sold the building to the defendant and then leased the building from the defendant and continued the operation of his drug business. The defendant was familiar with the place, having visited it frequently, and plaintiff and defendant at the time were fast friends. The plaintiff desired to sell the drug business, and offered to sell it to the defendant for the sum of $10,000. Defendant offered to purchase it for the sum of $9,000. It was then agreed that the plaintiff would sell the business to the defendant for $9,000. Defendant then had his lawyer prepare the necessary papers.

At that time, the plaintiff owed the defendant $3,215, secured by a chattel mortgage on the fixtures and furnishings of the drug store. An act of sale in authentic form was passed on November 2, 1925, whereby the plaintiff sold to the defendant the drug store business, including the fixtures and effects, stock and trade, wares and merchandise contained in the premises, 4340 Carrollton avenue, for the sum of $9,000. The act recites that this amount was paid and liquidated by the cancellation of the $3,215 chattel mortgage, by the retention by defendant of $3,000 to pay the outstanding bills of the business, and $2,-785 cash, for which the plaintiff acknowledged receipt and granted full acquittance to the defendant.

The plaintiff contends that the defendant purchased the drug store as it stood including the fixtures, furniture, stock, good will, for the sum of $9,000 cash.

The defendant defends on the grounds set forth in the answer as herein recited.

The plaintiff's evidence on these issues show that the defendant was entirely familiar with the operation of plaintiff's business, and after the act of sale was passed, acknowledged on several occasions to plaintiff's brother and the former clerk of the plaintiff's that he owed the balance of $2,-000 to the plaintiff, and never claimed that he had a right to deduct any amount from the $2,000 as a result of the stock checking out short. Defendant's own testimony on this issue shows that he was in possession and operating the business for fifteen days prior to the act of sale being passed. He further testified that after the stock was checked up and a shortage was discovered in the sum of $2,665.31, he cursed and abused the plaintiff for having deceived him and stated to the plaintiff that the $2,000 that he retained in his possession was thereby consumed by the deficit shown by the inventory, and as far as the $665.31 additional deficit was concerned that he (the defendant) would bear this loss.

This testimony of the defendant is, in our opinion, corroborative of the plaintiff's

version of the case, because it is inconceivable that the plaintiff would have permitted the defendant to take charge of the drug store and operate it as his own for fifteen days prior to the passing of the act of sale. It is, moreover, hard to believe that if the defendant had any agreement with the plaintiff whereby, if the stock was checked out short in taking the inventory, the defendant would make up the difference by deducting that much from the purchase price, he would voluntarily agree to bear this loss, where there would have been no legal obligation on his part to do so, and particularly in view of the fact that he testified that he was very angry with the plaintiff for having defrauded and cheated him. Defendant's evidence and testimony is not convincing.

The defendant in his testimony frankly admits that the stipulation in the act of sale that $2,785 had been paid in cash was not true, as only the sum of $785 had been paid, and that $2,000 remained in his hands for the purpose of securing any deficit which the inventory might show in the stock. It is therefore very clear that the defendant owes the plaintiff $2,000 unless the defendant proved that he was to deduct any deficit that the inventory showed from the total purchase price of the sale. We are not impressed with the defendant's defense in this respect, in view of what has been said and also because the act of sale is silent as to how the purchase price was made up. Since the defense fails, defendant owes the plaintiff the sum of $2,000. However, the plaintiff, on stand, admitted that he owed the defendant the sum of $56.91, which he paid over and above the $3,000 retained by the defendant to pay the outstanding debts of the business and testified that he was willing to have this much deducted from his claim.

For the reasons assigned, the judgment appealed from is amended, and it is now ordered that there be judgment in favor of the plaintiff in the sum of $1,943.08, with legal interest from November 2d, 1925, until paid, and as thus amended, is affirmed.